UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SOHEIL ZAERPOUR; THE PEOPLE OF
THE UNITED STATES,

                              Plaintiffs,

            -against-

BANK OF AMERICA CORPORATION, ET
AL.,

                              Defendants.

23-CV-0040 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, who proceeds *pro se*, brings this action against more than 20 banks and financial

entities. He alleges that they have violated "criminal laws (including computer crimes)," the

Racketeer Influenced and Corrupt Organizations Act (RICO), unspecified civil rights and

securities laws, and the Foreign Corrupt Practices Act, 15 U.S.C. §§ 78dd-1. Plaintiff moves for

the appointment of *pro bono* counsel.

        The Court dismisses the complaint for the reasons set forth below but grants Plaintiff

leave to file an amended complaint within 30 days of the date of this order.

## STANDARD OF REVIEW

        The Court has the authority to dismiss a complaint, even when the plaintiff has paid the

filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants

Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17

(2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss

frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon

Oil Co.*, 526 U.S. 574, 583 (1999). The Court also may dismiss an action for failure to state a

claim, "so long as the plaintiff is given notice and an opportunity to be heard." *Wachtler v.*

*County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (citation and internal quotation marks omitted). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff Soheil Zaerpour brings this suit on his own behalf and also purports to bring claims on behalf of "the people of the United States of America." (ECF 1 at 1.) He alleges that his claims arose from "2002 until present." (*Id.* at 5.)

Plaintiff's allegations of fact, in their entirety, are as follows:

Defendant co-conspirator banks coordinated to manipulate foreign exchange prices and benchmark prices against the People of the United States and Plaintiff. See NYSD 21-CV-09680 (ECF no. 1) for the details.

(*Id.*) Plaintiff seeks monetary and punitive damages. (*Id.* at 6.) The following five pages of the complaint list the many defendants that he sues.

In the prior suit that Plaintiff seeks to incorporate by reference, *Zaerpour v. JP Morgan Chase Bank, N.A.*, No. 21-CV-9680 (JPC) (S.D.N.Y. Aug. 8, 2022), he had alleged that nine banks (Bank of America, Citibank, Credit Suisse, Deutsche Bank, Goldman Sachs, HSBC, JP Morgan, Royal Bank of Scotland, and UBS) engaged in a conspiracy to make prices in the global foreign currency exchange market move in "an exact reverse" of his individual trades "all the time" for a period of several years. Plaintiff asserted that defendants engaged in "FOREX market manipulation against [him] and computer intrusions, surveillance and other charges motivated by malice and criminal conspiracy against the American people." (ECF 1 at 2:14-16.) He further argued that defendants were motivated by antipathy to his "plan[] for World Peace as

communicated to the World leaders since 1985 and the people of the world by the Baha'i international community in Haifa." (*Id.* at 3.)

Defendants moved to dismiss that action for improper service and on the grounds that Plaintiff (1) lacked standing to pursue antitrust claims because he did not transact directly with defendants; (2) failed to plead facts supporting a plausible inference of an antitrust conspiracy and because his antitrust claims were impermissibly extra-territorial; (3) could not state a constitutional tort claim because defendants' conduct was not state action; (4) lacked standing to assert violations of criminal laws; (5) could not, as a non-attorney, bring suit on behalf of a class; (6) asserted claims that were time-barred; and (7) brought claims that should be dismissed as frivolous. By order dated August 8, 2022, District Judge Cronan granted defendants' motion to dismiss for improper service, declined to extend the time for service, and dismissed the action without prejudice, without reaching the merits. Plaintiff now brings this action against the same defendants named in the earlier suit, plus many additional defendants.

## DISCUSSION

### A.    Proceeding Pro Se

Plaintiff, who does not indicate that he is an attorney admitted to practice in this court, names the "people of the United States of America" as additional plaintiffs in this action. "[A]n individual who is not licensed as an attorney 'may not appear on another person's behalf in the other's cause'" *United States v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) (citation omitted). *See also Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause."); *Phillips v. Tobin*, 548 F.2d 408, 410 (2d Cir. 1976) (holding that it is plain error to permit a prisoner to bring a class action on behalf of fellow inmates). As a non-attorney proceeding *pro se*, Plaintiff cannot pursue a class action suit on behalf of others. The Court therefore construes the complaint as

3

asserting claims solely on behalf of Soheil Zaerpour, who is the only signatory to the complaint. If Plaintiff chooses to file an amended complaint *pro se*, he can only bring his own claims and cannot proceed on behalf of others.

**B.      Rule 8**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. Iqbal, 556 U.S. at 678-79 (citing Twombly, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Here, the allegations of Plaintiff's complaint are insufficient to satisfy Rule 8. He cannot simply incorporate by reference the entirety of his prior complaint. This is particularly true given that some of the defendants named in this action are new defendants as to whom there were no allegations in the prior complaint. The Court therefore dismisses the complaint for failure to state a claim on which relief can be granted.

**C.      Leave to amend**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has

cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). The Court therefore grants Plaintiff 30 days' leave to amend hiscomplaint to detail his claims.

The Court notes that, insofar as there is overlap between the claims that Plaintiff seeks to assert in this action and those that he brought in 21-CV-9680 (JPC), he should review the motion to dismiss filed in the earlier action and conduct a good faith investigation into whether his claims are well founded in law.

**D.     Pro Bono Counsel**

Plaintiff moves for the appointment of *pro bono* counsel. The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.

## LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to provide more facts about his claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider

in deciding whether the amended complaint states a claim for relief. That information should

include:

    a) the names and titles of all relevant people;

    b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

    c) a description of the injuries Plaintiff suffered; and

    d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his

federally protected rights; how, when, and where such violations occurred; and why Plaintiff is

entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the

original complaint, any facts or claims that Plaintiff wants to include from the original complaint

must be repeated in the amended complaint.

## CONCLUSION

The Court dismisses Plaintiff's complaint for failure to state a claim on which relief can

be granted. The Court denies Plaintiff's motion for *pro bono* counsel (ECF 3.)

Plaintiff is granted leave to file an amended complaint that complies with the standards

set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit

within 30 days of the date of this order, caption the document as an "Amended Complaint," and

label the document with docket number 23-CV-0040 (LTS). An Amended Complaint form is

attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the

time allowed, and he cannot show good cause to excuse such failure, the complaint will be

dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:     February 6, 2023
           New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes   ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                        (Plaintiff's name)


_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____ , is a citizen of the State of
                (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____ , is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                 Middle Initial        Last Name

_____

Street Address

_____

County, City                      State           Zip Code

_____

Telephone Number              Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                                Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                State                        Zip Code

Defendant 2:

First Name                                Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                State                        Zip Code

Defendant 3:

First Name                                Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                State                        Zip Code

Defendant 4:

_____
First Name                          Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                        State            Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |

| First Name | Middle Initial | Last Name |

| Street Address |

| County, City | State | Zip Code |

| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.