**Subject: Order to Amend  (Case number: NYSD 23-cv-00040-LTS)**

Dear Judge Swain,

   Attached, please find my **amended complaint**, which has taken into consideration all the recommendations in your letter. It incorporates the same *facts* as in my original 2021-complaint (NYSD 21-cv-09680) but has been updated as per ECF no. 50 (section 3 referencing an updated *list of the defendants*) and ECF no. 57-1, for the most current source available to the best of my knowledge.

   Since it has been referenced in your recent order, I take this opportunity to **add** the following to *all* other filed objections in my response to then-defendants' motion to dismiss (NYSD 21-cv-09680, ECF no. 57) :

1. Sucessfull research and devopment of forex algorithm programs is part of my reported 10 years of forex trading activity and should be taken into account when calculating the opportunity costs (NJD 13-cv-06073-ES-JAD, p.3, lines 6-10) .[1]

2. To my knowledge, a plaintiff can reference criminal laws since *obstruction of justice* has been a premise in this case (NJD 13-cv-06073-ES-JAD). Moreover, *lack of prosecution* in criminal cases has delayed the *identification* of the defendants by several years  (PAS L-3843-17), so has th*e fraudulent concealment* by the banking industry (NYSD 21-cv-09680, ECF no. 57, pp 3-8).

3. *Unprosecuted but demonstrated* criminal actions should always be taken into consideration in civil cases, since it affects the amount of punitive damages, this according to my understanding of the jurisprudence.[2]

4. The defendants have falsly referenced my response to question no. 7 sub-section in my 2006-FAQ document (21-cv-09680, ECF no. 57-3) as meaning I knew the identity of the defendants then, when it only meant that criminality *also* exists in high-finance (by referencing cases *beside my own example,*  as stated (21-cv-09680, ECF no. 58, p.8). Also they have alledged that I knew the identities of some of the defendants as conspirators in my case by referencing a annual survey of the largest forex dealers made by the magazine Euromoney in 2013 (21-cv-09680, ECF no. 58, p. 8) This list did not assign *any* crime regarding forex specifically. I would have been short of any concrete *evidence* to file a lawsuit against them then. Only a criminal probe by the DoJ uncovered the conspiracy to manipulate forex rates by these banks years later. To note, it is

---

[1] https://en.m.wikipedia.org/wiki/Renaissance_Technologies
[2] https://www.law.cornell.edu/wex/punitive_damages

5. only in December 2021, after my complaint was filed with this Court, that the European Commission was able to conclude its own investigation regarding forex manipulationsl (21-cv-09680, ECF no. 57, p.3).

5. The defendants also alledged falsy that I knew precisely the identitiy of the defendants because they come from publicly available sources, and *this undercuts any inference they were self-concealing* according to their memorandum (21-cv-09680, ECF no. 58, p. 9). While the first part is correct (i.e. all the identities of the defendants come from public sources, including court documents and press releases), it is a *ludicrous* argument as demonstrated in 18-cv10364, ECF no. 1. The issue is simply chronology in what they say and it is important: These defendants were effectively concealing their conspiracy until it became public knowledge through media reports and thanks to lawful intercepts of encrypted chatroom conversations between forex traders at those banks (NYSD 13-cv-07789-ER). I must add that I did not know myself such *powerful enemies* in finance (or else) while trading forex; which also explains why I was reluctant to file a complaint against any corporation then (NJD 13-cv-06073-ES-JAD, ECF no 8).

6. Private parties *are allowed* to sue in anti-trust cases according to US laws[3] (NYSD 13-cv-07789-ER, pp 24-25). Also, I have been the <u>*direct*</u> target of this concealed banking *cartel* and have suffered as a *direct* result of their monopolistic behaviour all those years (21-cv-09680, ECF no. 57, pp.9-11). The fact that I was not a *direct purchaser* does not matter. The reason it shouldn't is because I did not purchase any of the underlying currencies from my 2 brokers either. The exchange rates at which I was transacting was determined directly by the large banks through my brokers automated platform, electronically, in realtime. (21-cv-09680, ECF no. 50-1, p.66).[4]

7. To note, both of my broker firms (FXCM and MG-Forex) were located in New York City at that time; this as only one *additional* reason why this Court has juridiction over this case (which was omitted in my response then (21-cv-09680, ECF no 57, pp. 11-12). Other reasons include legal statements made by other plaintiffs in other related forex cases (NYSD 18-cv-10364, ECF no. 1, pp. 11-12).

Since you asked me to carefully review the defendants' answers to my objections to dissmiss then (21-cv-09680, ECF no. 58), I am kindly asking this Court to grant me the opportunity to respond more thoroughly to those objections later on, assuming they might be repeated in the current case.

Respectfully submitted,

---

[3] https://www.justice.gov/atr/antitrust-enforcement-and-consumer
[4] Investopedia.com/articles/forex/06/interbank.asp

Dated : February 23, 2023                                       /s/   Soheil Zaerpour

                                                                                                          16-C Thornton Place

                                                                                                          Clifton, NJ 07012

                                                                                                          (862) 668-4036

                                                                                                          soheil.zaerpour@njwg.cap.gov