UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SOHEIL ZAERPOUR, | |
| Plaintiff, | 23-CV-0040 (LTS) |
| -against- | ORDER OF DISMISSAL |
| BANK OF AMERICA CORPORATION, ET AL., | |
| Defendants. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff invokes the Court's federal question jurisdiction, and asserts claims for violations of "securities laws" and "antitrust laws," as well as claims based on "computer crimes." (ECF 7 at 2.) By order dated February 8, 2023, the Court directed Plaintiff to amend his complaint to address deficiencies in his original pleading. Plaintiff filed an amended complaint on February 24, 2023, and the Court has reviewed it. The action is dismissed for the reasons set forth below.

## STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999), or if the Court it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (per curiam) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)

(holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

The Court also may dismiss an action for failure to state a claim, "so long as the plaintiff is given notice and an opportunity to be heard." *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (citation and internal quotation marks omitted). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

In Plaintiff's amended complaint, he brings suit against the following defendants: BNP Paribas Group; BNP Paribas S.A; BNP Paribas Securities Corp.; BNP Paribas USA, Inc.; Bank of America Corporation; Bank of America, N.A.; Barclays Bank PLC; Barclays PLC; Citibank N.A.; Citigroup Global Markets, Inc.; Citigroup, Inc.; Credit Suisse Group AG; Credit Suisse International; Credit Suisse Securities (USA) LLC; Deutsche Bank AG; Deutsche Bank Securities Inc.; Goldman, Sachs & Co. LLC; HSBC Bank PLC; HSBC Bank USA, N.A.; HSBC Holdings PLC; HSBC North America Holding Inc.; HSBC Securities (USA) Inc.; J.P. Morgan Bank & Co.; J.P. Morgan Chase Bank, N.A.; J.P. Morgan Securities LLC; MUFG Bank, Ltd., MUFG Securities Americas Inc.; Merrill Lynch; Pierce Fenner & Smith, Inc.; Morgan Stanley; Morgan Stanley & Co. International PLC; Morgan Stanley & Co., LLC; NatWest Markets Securities Inc.; RBC Capital Markets LLC; Royal Bank of Scotland PLC;SG Americas

Securities LLC; Standard Chartered Securities (North America) Inc.; Société Générale S.A.;

Standard Chartered Bank; The Goldman Sachs Group, Inc.; The People of the United States of

America; The Royal Bank of Canada; UBS AG; UBS Group AG; and UBS Securities LLC.

Plaintiff makes the following allegations in his amended complaint. Since 2002, Plaintiff

has "been the target of a criminal conspiracy by the banking cartel." (ECF 7 at 5.) Two federal

courts and the Federal Bureau of Investigation (FBI) have reviewed "proof" of the conspiracy,

which can be found in Plaintiff's trading account statements. (*Id.*) This appears to be a reference

to Plaintiff's prior suit in New Jersey, *Zaerpour v. FBI*, No.13-CV-06073 (D. N.J. Aug. 11,

2014),[1] and in this district, *Zaerpour v. JP Morgan Chase Bank, N.A.*, No. 21-CV-9680 (JPC)

(S.D.N.Y. Aug. 8, 2022).[2] Plaintiff also filed another suit in this district, which was dismissed

based on his failure to pay the filing fee. *Zaerpour v. UBS Group AG*, No. 22-CV-7232 (LTS)

(S.D.N.Y.).[3]

---

[1] In *Zaerpour v. FBI*, No.13-cv-06073-ES-JAD (D.N.J. Aug. 11, 2014), Plaintiff asserted that the FBI had failed to act after he submitted proof of "illegal access to his FOREX transactions and manipulation of the global FOREX market." The district court adopted the Magistrate Judge's recommendation to dismiss the action on the grounds that the FBI is entitled to sovereign immunity and has discretion in determining whether to initiate a prosecution. The district court thereafter denied Plaintiff's motion for reconsideration.

[2] Defendants moved to dismiss Plaintiff's complaint in *Zaerpour v. JP Morgan Chase Bank, N.A.*, No. 21-CV-9680 (JPC) (S.D.N.Y. Aug. 8, 2022), for improper service and on the grounds that Plaintiff (1) lacked standing to pursue antitrust claims because he did not transact directly with defendants; (2) failed to plead facts supporting a plausible inference of an antitrust conspiracy and because his antitrust claims were impermissibly extra-territorial; (3) could not state a constitutional tort claim because defendants' conduct was not state action; (4) lacked standing to assert violations of criminal laws; (5) could not, as a non-attorney, bring suit on behalf of a class; (6) asserted claims that were time-barred; and (7) brought claims that should be dismissed as frivolous. By order dated August 8, 2022, District Judge Cronan granted defendants' motion to dismiss for improper service, declined to extend the time for service, and dismissed the action without prejudice, without reaching the merits.

[3] In that action, Plaintiff included a document with a list of actions that would ensure that the "Goyim will be so angry with their governments . . . .We will then appoint a descendant of David to be king of the world." *Zaerpour*, No. 22-CV-7232 (ECF 2 at 14.)

Between 2002 to 2006, when trading live, "all [of Plaintiff's] trades became predictive of the forex market movements at large for the entire duration of [his] forex trading activity." (ECF 7 at 5.) Plaintiff acknowledges that this "is incredible" but contends that the proof of this is in his account statements. Plaintiff asserts that "[t]he premise of this case is corruption at the DOJ, who has apparently never acted to arrest or identify these individuals." (*Id.*) He asserts that "manipulation of forex rates also affected all US and global consumers and investors." (*Id.* at 6.)

Plaintiff extolls his own credentials – noting that he was awarded his bachelor's degree in Switzerland in economics and management and earned a master's degree "in record time" in the United States. (*Id.* at 5.) He learned to trade after training with two financial institutions in New York, speaks three or four languages fluently, and holds a certificate as a pilot. (*Id.*) Plaintiff also discusses his Baha'i faith, which seeks "the unification of mankind" and the establishment of world peace.[4] (*Id.* at 6.)

Plaintiff seeks to recover the $50,000 in principal that he lost, as well as interest "for 20 years" and punitive damages. (*Id.*)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 475, the allegations in Plaintiff's amended complaint are insufficient to plausibly allege a violation of his rights. The Court must not dismiss a complaint simply because the set of facts presented by the plaintiff appears to be "unlikely." *Denton*, 504 U.S. at 33. A finding of factual frivolousness is warranted, however, when the facts alleged are "clearly baseless," "fanciful," "fantastic," "delusional" or wholly incredible, "whether or not there are judicially noticeable

---

[4] In *Zaerpour*, No. 21-CV-9680, Plaintiff asserted that "the motive behind this crime is Plaintiff's plans for World Peace as communicated to the World leaders since 1985. . . ." (ECF 1 at 3.)

facts available to contradict them." *Denton,* 504 U.S. at 32-33; *see Livingston*, 141 F.3d at 437. Plaintiff alleges that his trading activity resulted in a loss to him of $50,000. (ECF 7 at 6.) Plaintiff asserts, in a conclusory manner, that "all [of Plaintiff's] trades became predictive of the forex market movements at large for the entire duration of [his] forex trading activity." (*Id.* at 5.) The allegations that Plaintiff's trading activity predicted the movements of the entire Forex market, due to a banking cartel conspiracy, are wholly incredible. *See Livingston*, 141 F.3d at 437. There is no factual predicate or legal theory on which Plaintiff can rely to state a viable civil claim arising from these allegations and assertions. The Court therefore dismisses Plaintiff's amended complaint as frivolous.

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff's amended complaint gives no indication that the defects can be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

Plaintiff's amended complaint is dismissed as frivolous.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). Judgment shall enter.

Dated:   May 3, 2023
       New York, New York

                     /s/ Laura Taylor Swain
                       LAURA TAYLOR SWAIN
                Chief United States District Judge