**MANDATE**

23-cv-040(LTS)

23-845
*Zaerpour v. Bank of America Corp.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of May, two thousand twenty-four.

PRESENT:

        DENNIS JACOBS,
        RICHARD J. SULLIVAN,
        WILLIAM J. NARDINI,
           *Circuit Judges.*
_____

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Jun 27 2024

SOHEIL ZAERPOUR,

        *Plaintiff-Appellant,*

    v.                                                     No. 23-845

BANK OF AMERICA CORPORATION, BANK OF AMERICA, N.A., BARCLAYS BANK PLC, BARCLAYS PLC, BNP PARIBAS GROUP, BNP PARIBAS USA, INC., BNP PARIBAS S.A., BNP

**MANDATE ISSUED ON 06/27/2024**

PARIBAS SECURITIES CORP., CITIGROUP, INC., CITIBANK N.A., CITIGROUP GLOBAL MARKETS INC., CREDIT SUISSE GROUP AG, CREDIT SUISSE INTERNATIONAL, CREDIT SUISSE SECURITIES (USA) LLC, DEUTSCHE BANK AG, DEUTSCHE BANK SECURITIES INCORPORATED, THE GOLDMAN SACHS GROUP INC., GOLDMAN, SACHS & CO. LLC, HSBC HOLDINGS PLC, HSBC BANK PLC, HSBC NORTH AMERICA HOLDINGS, INC., HSBC BANK USA, N.A., HSBC SECURITIES (USA) INC., J.P. MORGAN BANK & CO., J.P. MORGAN CHASE BANK, N.A., J.P. MORGAN SECURITIES LLC, MERRILL LYNCH PIERCE FENNER & SMITH, INC., MUFG BANK, LTD., MUFG SECURITIES AMERICAS INC., MORGAN STANLEY, MORGAN STANLEY & CO., LLC, MORGAN STANLEY & CO. INTERNATIONAL, PLC, NATWEST MARKETS SECURITIES INC., RBC CAPITAL MARKETS, LLC, ROYAL BANK OF CANADA, ROYAL BANK OF SCOTLAND PLC, SG AMERICAS SECURITIES LLC, SOCIETE GENERALE S.A., STANDARD CHARTERED BANK, STANDARD CHARTERED SECURITIES (NORTH AMERICA) INC., UBS AG, UBS SECURITIES LLC,

      *Defendants-Appellees.*\*

_____

| | |
|---|---|
| **For Plaintiff-Appellant:** | SOHEIL ZAERPOUR, *pro se*, Clifton, NJ. |
| **For Defendants-Appellees Bank of America Corporation, Bank of** | Jeffrey J. Resetarits, Shearman & Sterling LLP, New York, NY. |

---

\* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

2

| | |
|---|---|
| America, N.A., and Merrill Lynch, Pierce, Fenner & Smith, Inc.: | |
| **For Defendants-Appellees Barclays Bank PLC and Barclays PLC:** | Matthew A. Schwartz, Sullivan & Cromwell LLP, New York, NY. |
| **For Defendants-Appellees BNP Paribas Group, BNP Paribas USA, Inc., BNP Paribas S.A., and BNP Paribas Securities Corp.:** | David C. Esseks, Rebecca Ann Cecchini, Allen & Overy LLP, New York, NY. |
| **For Defendants-Appellees Citigroup, Inc., Citibank N.A., and Citigroup Global Markets, Inc.:** | Andrew A. Ruffino, Covington & Burling LLP, New York, NY. |
| **For Defendants-Appellees Credit Suisse Group AG, Credit Suisse International, and Credit Suisse Securities (USA) LLC:** | Herbert S. Washer, David G. Januszewski, Jason M. Hall, Miles Wiley, Cahill Gordon & Reindel LLP, New York, NY. |
| **For Defendants-Appellees Deutsche Bank AG and Deutsche Bank Securities Incorporated:** | Alexander Kazam, King & Spalding LLP, Washington, DC. |
| **For Defendants-Appellees The Goldman Sachs Group Inc. and Goldman, Sachs & Co. LLC:** | Rishi Zutshi, Cleary Gottlieb Steen & Hamilton LLP, New York, NY. |

3

| | |
|---|---|
| **For Defendants-Appellees HSBC Holdings PLC, HSBC Bank PLC, HSBC North America Holdings, Inc., HSBC Bank USA, N.A., and HSBC Securities (USA) Inc.:** | J. Matthew Goodin, Julia C. Webb, Locke Lord LLP, Chicago, IL, Roger B. Cowie, Locke Lord LLP, Dallas, TX. |
| **For Defendants-Appellees J.P. Morgan Bank & Co., J.P. Morgan Chase Bank, N.A., and J.P. Morgan Securities LLC:** | Boris Bershteyn, Skadden, Arps, Slate, Meagher & Flom LLP, New York, NY. |
| **For Defendants-Appellees MUFG Bank, Ltd. and MUFG Securities Americas Inc.:** | Joseph J. Bial, Paul, Weiss, Rifkind, Wharton & Garrison LLP, Washington, DC. |
| **For Defendants-Appellees Morgan Stanley, Morgan Stanley & Co., LLC, and Morgan Stanley & Co. International, PLC:** | Jonathan M. Moses, Justin L. Brooke, Wachtell, Lipton, Rosen & Katz, New York, NY. |
| **For Defendants-Appellees Natwest Markets Securities Inc. and Royal Bank of Scotland PLC:** | Paul S. Mishkin, Davis Polk & Wardwell LLP, New York, NY. |
| **For Defendants-Appellees RBC Capital Markets, LLC and Royal Bank of Canada:** | Mark A. Nebrig, James P. McLoughlin, Jr., Moore and Van Allen PLLC, Charlotte, NC. |
| **For Defendants-Appellees SG Americas Securities** | James R. Warnot, Jr., Patrick C. Ashby, Nicole E. Jerry, Linklaters LLP, New |

4

| | |
|---|---|
| **LLC and Societe Generale S.A.:** | York, NY, Adam S. Lurie, Linklaters LLP, Washington, DC. |
| **For Defendants-Appellees Standard Chartered Bank and Standard Chartered Securities (North America) Inc.:** | Marc J. Gottridge, Herbert Smith Freehills New York LLP, New York, NY. |
| **For Defendants-Appellees UBS AG and UBS Securities LLC:** | Eric J. Stock, Seth M. Rokosky, Gibson, Dunn & Crutcher LLP, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Laura Taylor Swain, *Chief Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the May 4, 2023 judgment of the district court is **AFFIRMED**.

Soheil Zaerpour, proceeding *pro se*, appeals from a judgment of the district court dismissing his latest attempt to sue more than a dozen banking groups for conspiring to sabotage his trades by manipulating the foreign exchange market. After Zaerpour's first three lawsuits were dismissed, he filed the original complaint in this action, which purported to incorporate by reference a pleading from one of his prior suits. The district court dismissed the original complaint but granted Zaerpour leave to amend. Zaerpour then filed an amended complaint –

5

the operative complaint here – which the district court dismissed as frivolous without leave to amend. This appeal followed. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.[1]

Although we construe *pro se* pleadings "liberally," we do "not excuse frivolous or vexatious filings by *pro se* litigants." *Tristman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (internal quotation marks omitted). An action is frivolous when "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy," or when "the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks omitted). Although we have not yet decided whether we review the dismissal of a frivolous complaint *de novo* or for abuse of discretion, we need not decide that question here because the district court's decision "easily passes muster under the more rigorous *de novo* review." *Tewari v. Sattler*, No. 23-36, 2024 WL 177445, at *1 (2d Cir. Jan. 17, 2024)

---

[1] Zaerpour moves for permission to file a reply brief and a supplemental appendix, the latter of which contains newspaper articles and other documents referencing spurious conspiracy theories. The request to file a supplemental appendix is denied because these documents were not part of the record below and cannot be filed in an appendix. *See* Fed. R. App. P. 30(a)(1)(A)–(D). The motion is granted, however, with respect to his reply brief, which was otherwise timely filed. *See* Fed. R. App. P. 28(c), 31(a)(1).

6

(quoting *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 n.2 (2d Cir. 2000)).

In his amended complaint, Zaerpour alleged that the "banking cartel" had violated a variety of federal laws – including "securities laws,[] computer crimes, and anti[]trust laws, and possibly others" – by manipulating the foreign exchange market against him so that he consistently lost money on his trades. Supp. App'x at 199, 202. According to Zaerpour, "[t]he reason [he] know[s] this is" because "all [his] trades became predictive of all [foreign exchange] market movements at large for the entire duration of [his foreign exchange] trading activity." *Id.* at 202. Zaerpour went on to explain that the banks have so far gone unpunished due to "corruption" at the Department of Justice. *Id.* While Zaerpour contended that his account statements would prove these conspiracy allegations, he did not attach those statements to his amended complaint or describe them in any detail.

We affirm the dismissal of Zaerpour's amended complaint as frivolous. His allegations that his trades somehow "predict[ed]" the entire foreign exchange market, *id.*, – and that his trading efforts were thwarted due to a banking conspiracy – lack any basis in fact or law. *See Livingston*, 141 F.3d at 437. Indeed, Zaerpour's amended complaint provides no specific facts whatsoever on how this

7

supposed conspiracy unfolded or how he was targeted by the banks. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that we need not credit "legal conclusion[s] couched as . . . factual allegation[s]" (internal quotation marks omitted)). And even if we generously construe his complaint as bringing claims under various statutes, his conclusory allegations fail to state a claim under any cognizable legal theory. For instance, Zaerpour alleged no specific facts that could plausibly suggest that the banks conspired with one another or engaged in a pattern of racketeering activity. *See Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 184 (2d Cir. 2012) (explaining that a plausible claim for conspiracy must plead facts suggesting "that an agreement was made" (internal quotation marks omitted)); *Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999) ("The complaint's conclusory, vague, and general allegations of a criminal conspiracy do not therefore suffice to establish that the defendants participated in a 'pattern of racketeering activity' as prohibited by [the Racketeer Influenced and Corrupt Organizations Act]." (quoting 18 U.S.C. § 1962)). Nor do Zaerpour's conclusory allegations support a claim for securities fraud or market manipulation. *See Set Cap. LLC v. Credit Suisse Grp. AG*, 996 F.3d 64, 75 (2d Cir. 2021) (discussing the "heightened pleading requirements" for securities fraud claims, including that

8

plaintiff must identify the specific statements that were fraudulent); *id.* at 76 (stating that plaintiff must identify the manipulative acts in order to plead a market manipulation claim under Section 10(b) of the Exchange Act).

We likewise affirm the denial of leave to amend Zaerpour's complaint. Although district courts generally grant *pro se* plaintiffs leave to amend a complaint, that leave may be denied when a plaintiff has already been given an opportunity to amend. *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Zaerpour has already had one chance to do so in this litigation, not to mention the various other opportunities to replead that he received by virtue of his three prior lawsuits.

We have considered Zaerpour's remaining arguments and find them equally without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

9